**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Rodriguez and Georgina Rodriguez, husband and wife, as parents of Daniel Rodriguez, Deceased,<br>              Plaintiffs,<br><br>v.<br><br>West Coast Aircraft Maintenance, et al.,<br><br>              Defendants. | No. CV-19-00149-TUC-JAS<br><br>**ORDER** |

      Pending before the Court are Defendant Textron Aviation Inc.'s[1] Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 18), Defendant Pratt & Whitney Engine Services, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20), Defendant Pratt & Whitney Canada Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 30), Defendant Hartzell Propeller Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 37), and Defendant Woodward Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 38).[2] These motions are fully briefed.

---

[1] Textron Aviation Inc. asserts that it includes Defendant Hawker Beechcraft Global Customer Support, LLC aka Hawker Beechcraft Services, Inc, fka Raytheon Aircraft Services, Inc., Defendant Beechcraft Corp., fka Hawker Beechcraft Corp., and Defendant Beechcraft Holdings, LLC., as Textron has merged with the listed companies.
[2] Defendants' and Plaintiffs' requests for oral argument are denied, as oral argument would not be helpful to the Court.

**PROCEDURAL POSTURE/FACTS**[3]

On January 23, 2017, an aircraft crashed after some electrical problem. There were two individuals in the plane, Jeff Green and Daniel Rodriguez, both of whom perished as a result of the crash. The day before the crash, the "West Coast" Defendants sold the aircraft to KAAZ, LLC. Daniel Rodriguez's parents brought this suit in the Arizona Superior Court in Pima County. Plaintiffs allege that the parts were defective and that there were safe and practical alternatives, that work done on the aircraft was done negligently, and that representations that the aircraft was airworthy were false. Plaintiffs requests "all damages recoverable under applicable law for the wrongful death of Daniel Rodriguez." (Doc. 1-2 p. 34 ¶ 209.) This includes attorney fees. Textron asserts that the amount in controversy is over $75,000.

On March 30, 2019, Textron removed this action to this Court. (Doc. 1.) The other Defendants[4] either consented or joined the removal. (Docs. 14, 16, 17, 25.)

Plaintiffs' complaint states the following regarding the personal jurisdiction: "The Pratt & Whitney Defendants are subject to the jurisdiction of this Court because of their systematic and continuous contacts in the State of Arizona and because they have transacted business in the State of Arizona, committed a tort in the State of Arizona, entered into contracts with residents of the State of Arizona to do work on the aircraft and caused injury in the State of Arizona arising out of an act or omission. At all material times, Pratt & Whitney Defendants either were engaged in solicitation or service activities in the State of Arizona or products, materials or things processed, serviced or manufactured by the Pratt & Whitney Defendants were used or consumed in the State of Arizona in the ordinary course of trader use." (Doc. 1-2 p. 10 ¶ 15.)[5]; "The Defendants Hartzell is subject to the jurisdiction of this Court because of their systematic and continuous contacts in the State

---

[3] These facts are from the complaint (Doc. 1-2) and the parties' briefing with attached affidavits (Docs. 19, 20, 30, 37, 38, 42, 45, 46, 47, 49, 50). For the purposes of this Order, the Court shall take the complaint and allegations in the parties' affidavits as true unless controverted. Conflicts are resolved in favor of the Plaintiffs.
[4] All the Defendants listed on the docket except Hawker Beechcraft Global Customer Support LLC. This is likely because this party has merged with Textron.
[5] Docket citations refer to the page numbers generated by the Court's Electronic Case Filing System (ECF).

- 2 -

of Arizona and because it transacted business in the State of Arizona, committed a tort in the State of Arizona, entered into a contract with residents of the State of Arizona to work on aircraft and cause injury in the State of Arizona." (Doc. 1-2 p. 11 ¶ 16); "The Defendants Woodward is subject to the jurisdiction of this Court because of their systematic and continuous contacts in the State of Arizona and because it transacted business in the State of Arizona, committed a tort in the State of Arizona, entered into a contract with residents of the State of Arizona to work on aircraft and cause injury in the State of Arizona." (Doc. 1-2 p. 11 ¶ 18); "The Defendants [Textron[6]] is subject to the jurisdiction of this Court because of their systematic and continuous contacts in the State of Arizona and because it transacted business in the State of Arizona, committed a tort in the State of Arizona, entered into a contract with residents of the State of Arizona to work on aircraft and cause injury in the State of Arizona." (Doc. 1-2 p. 11 ¶ 17); "In addition, all of the Defendants supply literature to aircraft owners located within the State of Arizona and to mechanics, fixed based operations and others to perform aircraft maintenance in the State of Arizona for the purposes of providing information and knowledge as to parts that can be purchased for the repair or replacement of aircraft and their components." (Doc. 1-2 p. 10 ¶ 14).

**STANDARD**

The burden is on plaintiffs to demonstrate that a particular district court has personal jurisdiction over defendant. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If the court does not conduct an evidentiary hearing, the plaintiffs must make a prima facie showing. *Mavrix Photo, Inc. v. Brand Tech. Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Boschetto*, 539 F.3d at 1015. Uncontroverted allegations in plaintiffs' complaint are taken as true and conflicts over statements in affidavits are resolved in the plaintiffs' favor. *Boschetto*, 539 F.3d at 1015; *Schwarzenegger*, 374 F.3d at 800.

Personal jurisdiction in this matter is governed by the general jurisdictional statute, which applies the state's law regarding personal jurisdiction. Fed. R. Civ. P. 4(k)(a)(A);

---

[6] Textron, Beechcraft, Hawker Beechcraft Global, and Beechcraft Holdings are referred to as a part of the "Beechcraft Defendants" in the complaint. (Doc. 1-2 p. 9 ¶ 10.)

*see Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (evaluating personal jurisdiction in a copyright infringement action). Arizona authorizes the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Wake Up and Ball LLC. v. Sony Music Entm't Inc.*, 119 F. Supp. 3d 944, 947 (D. Ariz. 2015).

Under the Federal Due Process Clause, personal jurisdiction may be found under two categories: general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

General jurisdiction provides jurisdiction over defendant in matters unrelated to its litigation-related contacts. *Daimler AG*, 571 U.S. at 121–22. General jurisdiction requires that defendants have contacts that are so "continuous and systematic" as to render them "at home" in the forum state. *Id*. at 138; *Mavrix Photo, Inc.*, 647 F.3d at 1223. The United States Court of Appeals for the Ninth Circuit suggests that courts look to the contact's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the [forum] state's regulatory or economic markets," when considering this exacting standard. *Mavrix Photo, Inc.*, 647 F.3d at 1224 (first alteration in original) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)). Corporations are generally "at home" where they are incorporated or have their principal place of business. *See Daimler AG*, 571 U.S. at 139.

Specific jurisdiction provides jurisdiction over defendants in forums with case-linked contacts. *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014); *Axiom Foods, Inc.*, 874 F.3d at 1068. Specific jurisdiction requires that courts ensure that the defendant has "minimum contacts" with a forum to ensure that litigating in the jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Axiom Foods, Inc.*, 874 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see Boschetto*, 539 F.3d at 1015–16. The crux of the inquiry is the defendant's contact with the forum and not the defendant's contacts with the plaintiffs or plaintiffs' contacts with the forum. *Walden*, 571 U.S. at 284; *Axiom Foods, Inc.*, 874 F.3d at 1068. "[A] plaintiff[s']

contacts with the forum State cannot be 'decisive in determining whether the defendant's due process rights are violated[.]'" *Walden*, 571 U.S. at 279 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

The Ninth Circuit has created and implemented a three-prong test to determine if a court has specific jurisdiction over a defendant. *Axiom Foods, Inc.*, 874 F.3d at 1068 (applying the *Schwarzenegger* test); *Boschetto*, 539 F.3d at 1016. "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc.*, 874 F.3d at 1068 (alteration in original) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)); *see Picot*, 780 F.3d at 1211. The first two prongs are the plaintiffs' burden to show, while the third prong requires the defendant to "present a compelling case." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Pendant personal jurisdiction may be extended from claims with jurisdiction if the claims share a "common nucleus of operative facts." *Picot*, 780 F.3d at 1211 (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004)). If plaintiffs' arguments fail under the first prong, then the court is not obligated to consider the remaining prongs. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

The first prong can be satisfied in two separate ways, depending on the type of case. *Axiom Foods, Inc.*, 874 F.3d at 1069 (applying the purposeful direction test for a case alleging an intentional tort); *Picot*, 780 F.3d at 1212 (applying purposeful availment in an action sounding in contract). When both contract and tort claims are presented, if either test is satisfied the court may exercise pendent jurisdiction over additional claims. *Picot*, 780 F.3d at 1211–14.

When the case is primarily an intentional tort action, the court should utilize the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984) to determine if the defendant purposefully directed actions at the forum. *Axiom Foods, Inc.*, 874 F.3d at 1069; *Picot*, 780

F.3d at 1214; *Mavrix Photo, Inc.*, 647 F.3d at 1228. The "effects" test has three prongs and asks if defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc.*, 874 F.3d at 1069 (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). "Individualized targeting" alone does not satisfy the requirement that defendant expressly aimed its intentional act at the forum state; it is defendant's contacts that must drive the aiming inquiry. *Axiom Foods, Inc.*, 874 F.3d at 1069–70. "[M]ere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff[s] experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290; *see Picot*, 780 F.3d at 1214; *Mavrix Photo, Inc.*, 647 F.3d at 1230 (finding that targeting or focusing on a market of a particular state may subject a defendant to the jurisdiction of that forum); *Love v. Assoc'd. Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) ("Where a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff[s] in the forum state, even if the defendant knew that the plaintiff[s] lived in the forum state, is insufficient to satisfy the effects test.") (quoting *Schwarzenegger*, 374 F.3d at 807).

When an action is primarily based in contract or negligence, the court should consider if the defendant purposefully availed itself of the privileges of the forum. *Picot*, 780 F.3d at 1212–13 (applying purposeful availment test in a case based on contract law); *Boschetto*, 539 F.3d at 1016; *Holland America Line Inc. v. Wartsila N. America, Inc.*, 485 F.3d 450 (9th Cir. 2007) (applying the purposeful availment test for a in a breach of contract and negligence case). Purposeful availment requires that the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 2001)); *see Picot*, 780 F.3d at 1212. "[T]he general rule is applicable in this products-liability case, and the so-called 'stream-of-commerce' doctrine cannot displace it." *Mavrix Photo, Inc.*, 647 F.3d at 1228–29 (*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S.

873, 878 (2011) (plurality opinion)).

**ANALYSIS**

Plaintiffs do not assert that the Defendants in question are subject to general jurisdiction in Arizona. Accordingly, there will be no further analysis regarding general jurisdiction and the Court will focus solely on specific jurisdiction.

Plaintiffs argue that the Defendants contesting personal jurisdiction "all sold parts and components to all states in the union and in fact worldwide." (Doc 42 at 5.) Further, Plaintiffs argue that because the parts in question were for airplanes and airplanes are mobile that the location of the injury is rarely where the parts were manufactured. Plaintiffs contend that the Defendants all have sufficient contacts. Plaintiff asserts the following contacts are sufficient: Defendant Textron is registered to do business in Arizona, has an agent for service process, and runs a service center in Mesa, Defendants Pratt & Whitney is registered to do business in Arizona, has an agent for service process, and has employees, Defendants Hartzell and Woodward operate internationally marketing and selling products worldwide. Assuming these contacts are sufficient to determine that the Defendants purposefully availed themselves of Arizona's laws, the claims do not arise out of or relate to the contacts. Plaintiffs' argument that because the contacts relate to airplanes and the claims relate to airplanes that were put into the stream of commerce is unconvincing. Stream of commerce does not replace the general rule. *Mavrix Photo, Inc.*, 647 F.3d at 1228–29 (*J. McIntyre Mach., Ltd.*, 564 U.S. at 878 (plurality opinion)).

This Court does not have authority to exercise personal jurisdiction over Defendants Textron Aviation Inc., Pratt & Whitney Engine Services, Inc., Pratt & Whitney Canada Corp., Hartzell Propeller Inc., and Woodward.

**CONCLUSION**

IT IS ORDERED that Defendant Textron Aviation Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 18), Defendant Pratt & Whitney Engine Services, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20), Defendant Pratt & Whitney Canada Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 30),

Defendant Hartzell Propeller Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 37), and Defendant Woodward Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 38) are granted.

IT IS FURTHER ORDERED that Defendant Textron Aviation Inc., Defendant Hawker Beechcraft Global Customer Support, LLC aka Hawker Beechcraft Services, Inc, fka Raytheon Aircraft Services, Inc., Defendant Beechcraft Corp., fka Hawker Beechcraft Corp., Defendant Pratt & Whitney Engine Services, Inc., Defendant Pratt & Whitney Canada Corp., Defendant Hartzell Propeller Inc., and Defendant Woodward Inc. are dismissed without prejudice.

Dated this 15th day of October, 2019.

Honorable James A. Soto
United States District Judge